Wolters Kluwer

**EXHIBIT A**

CT Corporation
Service of Process Notification
03/27/2023
CT Log Number 543506642

## Service of Process Transmittal Summary

**TO:** Meghan Locker, Litigation Specialist
THE HEARST CORPORATION
300 W 57th St Fl 40
New York, NY 10019-3741

**RE:** Process Served in Delaware

**FOR:** Hearst Properties Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SARAH BOWMAR and JOSH BOWMAR vs. HEARST PROPERTIES, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s) |
| **COURT/AGENCY:** | Williamson County Circuit Court, TN<br>Case # 23CV98 |
| **NATURE OF ACTION:** | Complaint of Bowmars further aver that the statements were broadcast with reckless disregard as to whether they were true or not |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 03/27/2023 postmarked on 03/21/2023 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | G. Kline Preston, IV<br>KLINE PRESTON LAW GROUP<br>Belle Meade Office Park<br>4515 Harding Pike, Suite 107<br>Nashville, TN 37205<br>615-649-8680 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780117293021<br><br>Image SOP<br><br>Email Notification, Jonathan Donnellan  jdonnellan@hearst.com<br><br>Email Notification, Eva Saketkoo  esaketkoo@hearst.com<br><br>Email Notification, Ravi Sitwala  rsitwala@hearst.com<br><br>Email Notification, Catherine Bostron  cbostron@hearst.com<br><br>Email Notification, Stephen Yuhan  SYUHAN@HEARST.COM<br><br>Email Notification, Meghan Locker  mlocker@hearst.com<br><br>Email Notification, Kate Mayer  kmayer@hearst.com<br><br>Email Notification, Diego Ibarguen  dibarguen@hearst.com |



**CT Corporation**
**Service of Process Notification**
03/27/2023
CT Log Number 543506642

Email Notification, Sarah Park  sarah.park@hearst.com

Email Notification, Matthew Greenfield  matthew.greenfield@hearst.com

Email Notification, Nina Shah  nina.shah@hearst.com

Email Notification, Selena Williams  selena.williams@hearst.com

**REGISTERED AGENT CONTACT:** The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
800-448-5350
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**KP**

**KLINE PRESTON LAW GROUP**
**ЮРИДИЧЕСКАЯ ФИРМА КЛАЙНА ПРЕСТОНА**

Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37205

**CERTIFIED MAIL®**

7022 2410 0001 2622 6566

RDC 99    19801

U.S. POSTAGE
FCM LETTER
NASHVILLE, TN
37205
MAR 21, 23
AMOUNT
**$8.37**
R2305K131789-4

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Case 3:23-cv-00382  Document 1-1  Filed 04/20/23  Page 3 of 14 PageID #: 9

# STATE OF TENNESSEE
# SUMMONS

## IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

Sarah Bowmar and Josh Bowmar
**Plaintiff**
4515 Harding Pike, Ste. 107, Nashville, TN 37205
**Plaintiff**
vs.
Hearst Properties, Inc.
**Defendant**
Registered Agent: The Corporation Trust Company
**Defendant**
Corporation Trust Center 1209 Orange St., Wilmington, DE 19801
**Defendant**

CIVIL ACTION NO. __23CV-98__

Service By:
☐ Sheriff
☒ Attorney
☐ Sec. Of State
☐ Comm. Of Insurance

To the above named Defendant:

You are hereby summoned and required to serve upon __G. Kline Preston, IV__ plaintiff's attorney, whose address is __4515 Harding Pike, Ste. 107, Nashville, TN 37205__ _____, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Debbie McMillan Barrett, Circuit Clerk for said Court at office this _20_ day of _March_, 20_23_.

_Angela Bouttrey/dc_
**Circuit Court Clerk**

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number to: Circuit Court Clerk, 135 4th Avenue South, Franklin, TN 37064.

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | |
|---|---|
| SARAH BOWMAR and JOSH BOWMAR, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. _____ |
| v. | ) ) JURY DEMAND |
| HEARST PROPERTIES, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

Come the Plaintiffs, Sarah and Josh Bowmar ("Bowmars"), by and through counsel, G. Kline Preston, IV, and sue the Defendant, Hearst Properties, Inc. ("Hearst"), and for cause would state and show as follows:

### I.
### THE PARTIES

1. The Plaintiffs, Sarah and Josh Bowmar, are successful entrepreneurs, hunters, and fitness professionals who conduct business in Williamson County, Tennessee.

2. The Defendant, Hearst, is a company who owns the television station known as *KCCI TV*. It is an Iowa corporation located at 888 9th Street, Des Moines, Iowa 50309. Hearst Properties, Inc., is located at 300 West 57th Street, New York, New York 10019. Hearst's registered agent is C.T. Corporation System, 300 Montvue Road, Knoxville, TN 37919. Defendant, Hearst, conducts business in Williamson County, Tennessee, by and through the

internet. The company directed the program at issue and distributed it in Williamson County, Tennessee on or about November 1, 2022.

## II.
## VENUE AND JURISDICTION

3. The Plaintiffs aver that venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 because all acts complained of herein occurred or accrued in Williamson County, Tennessee.

4. The Plaintiffs aver that this Court has both *in personam* and subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-11-102 because this Court is vested with the authority to adjudicate such tort claims as averred herein by Plaintiffs.

## III.
## THE FACTS

5. The Plaintiffs aver that on or about November 1, 2022 and on days thereafter Defendant, Hearst, broadcast on their program and over the internet defamatory statements about the Bowmars which were false when made and known to be false when made. The false statements made were as follows: Ankeny Couple Pleads Guilty in Federal Poaching Case.

6. The Bowmars further aver that the statements were broadcast with reckless disregard as to whether they were true or not.

7. The Bowmars aver that Defendant, Hearst, broadcast the false statements with an inflammatory title, namely *Ankeny Couple Pleads Guilty in Federal Poaching Case* in order to attract viewers.

8. The Bowmars aver that the false statements were broadcast by Defendant, Hearst. The Bowmars aver that the Defendant's false statements were made with malice which is proven by the lack of a factual basis for the false statements and with a profit motive in order to sell its airtime.

9. The Bowmars aver that the statements were defamatory and that they have caused them significant financial damages as a direct and proximate result.

## IV.
## FIRST CAUSE OF ACTION
## DEFAMATION BY FALSE LIGHT

10. The Bowmars rely upon the factual averments in numbered paragraphs 1-9 in support of the following cause of action.

11. The Bowmars aver that the statements made by Defendant, Smith, constitute the tort of false light and the Plaintiffs have suffered damages as a direct and proximate result.

## V.
## SECOND CAUSE OF ACTION
## ACTION FOR LIBEL *PER SE*

12. The Bowmars rely upon the factual averments in numbered paragraphs 1-11 in support of the following cause of action.

13. The Plaintiffs aver that the statements made by Defendant, Smith, were false when made, known to be false and when made, or with reckless disregard for their veracity.

14. The Plaintiffs aver that the false written statements were made recklessly and with malice.

15. The Plaintiffs aver that they have sustained significant financial damages as a direct and proximate result.

**THE PLAINTIFFS SEEK AND PRAY FOR THE FOLLOWING RELIEF:**

1. That the Defendant be served with process and be required to timely respond;

2. That the Plaintiffs each be awarded compensatory damages in an amount in excess of $100,000.00;

3. That the Plaintiffs be awarded punitive damages in an amount in excess of $100,000.00;

4. That the Court order all copies of the published defamatory broadcasts to be destroyed at Defendant's sole expense;

5. That Defendant be ordered to publish a retraction to the offending defamatory broadcast in a prominent commensurate manner in the same location;

6. That a jury of six (6) be impaneled to hear this matter;

7. That the Plaintiffs be awarded such other further relief to which they may be entitled.

Respectfully submitted,

**KLINE PRESTON LAW GROUP**

_____
G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37205
Tel: (615) 649-8680
Fax: (866) 610-9565
kpreston@klineprestonlaw.com
*Attorney for Plaintiffs*

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

SARAH BOWMAR and )
JOSH BOWMAR, )
)
    Plaintiffs, )
) Case No. 23CV-98
v. )
) JURY DEMAND
HEARST PROPERTIES, INC., )
)
    Defendant. )

## FIRST AMENDED COMPLAINT

Come the Plaintiffs, Sarah and Josh Bowmar ("Bowmars"), by and through counsel, G. Kline Preston, IV, and sue the Defendant, Hearst Properties, Inc. ("Hearst"), and for cause would state and show as follows:

## I.
## THE PARTIES

1. The Plaintiffs, Sarah and Josh Bowmar, are successful entrepreneurs, hunters, and fitness professionals who conduct business in Williamson County, Tennessee.

2. The Defendant, Hearst, is a company who owns the television station known as *KCCI TV*. It is an Iowa corporation located at 888 9th Street, Des Moines, Iowa 50309. Hearst Properties, Inc., is located at 300 West 57th Street, New York, New York 10019. Hearst's registered agent is C.T. Corporation System, 300 Montvue Road, Knoxville, TN 37919. Defendant, Hearst, conducts business in Williamson County, Tennessee, by and through the

internet. The company directed the program at issue and distributed it in Williamson County, Tennessee on or about November 1, 2022.

## II.
## VENUE AND JURISDICTION

3. The Plaintiffs aver that venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 because all acts complained of herein occurred or accrued in Williamson County, Tennessee.

4. The Plaintiffs aver that this Court has both *in personam* and subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-11-102 because this Court is vested with the authority to adjudicate such tort claims as averred herein by Plaintiffs.

## III.
## THE FACTS

5. The Plaintiffs aver that on or about November 1, 2022 and on days thereafter Defendant, Hearst, broadcast on their program and over the internet defamatory statements about the Bowmars which were false when made and known to be false when made. The false statements made were as follows: Ankeny Couple Pleads Guilty in Federal Poaching Case.

6. The Bowmars further aver that the statements were broadcast with reckless disregard as to whether they were true or not.

7. The Bowmars aver that Defendant, Hearst, broadcast the false statements with an inflammatory title, namely *Ankeny Couple Pleads Guilty in Federal Poaching Case* in order to attract viewers.

8. The Bowmars aver that the false statements were broadcast by Defendant, Hearst. The Bowmars aver that the Defendant's false statements were made with malice which is proven by the lack of a factual basis for the false statements and with a profit motive in order to sell its airtime.

9. The Bowmars aver that the statements were defamatory and that they have caused them significant financial damages as a direct and proximate result.

## IV.
## FIRST CAUSE OF ACTION
## DEFAMATION BY FALSE LIGHT

10. The Bowmars rely upon the factual averments in numbered paragraphs 1-9 in support of the following cause of action.

11. The Bowmars aver that the statements made by Defendant, Hearst, constitute the tort of false light and the Plaintiffs have suffered damages as a direct and proximate result.

## V.
## SECOND CAUSE OF ACTION
## ACTION FOR LIBEL *PER SE*

12. The Bowmars rely upon the factual averments in numbered paragraphs 1-11 in support of the following cause of action.

13. The Plaintiffs aver that the statements made by Defendant, Hearst, were false when made, known to be false and when made, or with reckless disregard for their veracity.

14. The Plaintiffs aver that the false written statements were made recklessly and with malice.

*Sarah Bowmar and Josh Bowmar v. Hearst Properties, Inc.*
First Amended Complaint
3
Case 3:23-cv-00382   Document 1-1   Filed 04/20/23   Page 12 of 14 PageID #: 18

15. The Plaintiffs aver that they have sustained significant financial damages as a direct and proximate result.

**THE PLAINTIFFS SEEK AND PRAY FOR THE FOLLOWING RELIEF:**

1. That the Defendant be served with process and be required to timely respond;

2. That the Plaintiffs each be awarded compensatory damages in an amount in excess of $100,000.00;

3. That the Plaintiffs be awarded punitive damages in an amount in excess of $100,000.00;

4. That the Court order all copies of the published defamatory broadcasts to be destroyed at Defendant's sole expense;

5. That Defendant be ordered to publish a retraction to the offending defamatory broadcast in a prominent commensurate manner in the same location;

6. That a jury of six (6) be impaneled to hear this matter;

7. That the Plaintiffs be awarded such other further relief to which they may be entitled.

Respectfully submitted,

KLINE PRESTON LAW GROUP

_____
G. Kline Preston, IV, Esq. (#017141)
Belle Meade Office Park
4515 Harding Pike, Suite 107
Nashville, TN 37205
Tel: (615) 649-8680
Fax: (866) 610-9565
kpreston@klineprestonlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail on this the 2nd day of March, 2023 to the following:

Hearst Properties, Inc.
Registered Agent: C.T. Corporation System
300 Montvue Road
Knoxville, TN 37919

_____
G. Kline Preston, IV, Esq.

*Sarah Bowmar and Josh Bowmar v. Hearst Properties, Inc.*
**First Amended Complaint**

5